UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

INSECO, INC.,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　Case No.:　2:25-cv-295-SPC-DNF

AMERICAN EXPRESS
NATIONAL BANK and
JPMORGAN CHASE BANK N.A.,

    Defendants.
                                    /

## **OPINION AND ORDER**

Before the Court are Defendant JP Morgan Chase Bank N.A.'s ("Chase") Motion to Dismiss (Doc. 33) and Plaintiff Inseco, Inc.'s response (Doc. 45). For the reasons outlined below, the Court grants the motion in part.

This is a banking dispute involving a false "chargeback" scheme.[1] Plaintiff develops, manufactures, and distributes certain goods. It works with The Paver Sealer Store LLC ("Paver Sealer"). Paver Sealer operates an online storefront where customers order Plaintiff's product. The customers pay Paver Sealer, and Plaintiff ships the goods directly to the customers. Once the

---

[1] The Court accepts the well-pleaded facts in the Amended Complaint as true and construes them in the light most favorable to Plaintiff. *United States v. Jallali*, 478 F. App'x 578, 579 (11th Cir. 2012).

customers receive the goods, Paver Sealer pays Plaintiff, often with an American Express credit card.

On multiple occasions, Paver Sealer falsely disputed its credit card payments to Plaintiff. Seeking to recoup these payments, Paver Sealer initiated "chargeback" claims with Defendant American Express National Bank ("American Express"). Upon receiving notice of Paver Sealer's dispute, Plaintiff provided Chase and American Express (collectively "Defendants") with information confirming it had timely delivered the purchased goods to the customers, demonstrating the charges were proper. But Defendants dismissed this information and processed the chargebacks anyway. They removed the funds from Plaintiff's account[2] and returned them to Paver Sealer. Defendants facilitated the chargebacks without a proper review and knowing Paver Sealer's disputes were untimely and implausible. In total, Defendants failed to reverse chargebacks totaling $126,046.41. (Doc. 26).

Plaintiff sues Chase for breach of contract (count II), breach of the implied covenant of good faith and fair dealing (count III), negligence (count V), and seeks a declaratory judgment (count I). (*Id.*). Chase moves to dismiss Plaintiff's claims, arguing the Merchant Processing Agreement ("MPA" or

---

[2] Although not explicitly stated in the amended complaint, it seems Plaintiff's account is with Chase.

"Agreement") bars them, and that Plaintiff otherwise fails to state a claim.[3] (Doc. 41). In response, Plaintiff contends it is unclear whether it agreed to be bound by the MPA's terms and that it plausibly states a claim. (Doc. 33).

To survive a Federal Rule of Civil Procedure 12(b)(6) motion, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Bare "labels and conclusions, and a formulaic recitation of the elements of a cause of action," do not suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See id.* at 570. A claim is facially plausible when a court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)).

The Court first addresses the MPA, which Chase believes precludes Plaintiff's claims.[4] "A district court can generally consider exhibits attached

---

[3] American Express answered the amended complaint. (Doc. 42).
[4] The MPA provides that New York law governs the Agreement, and that any proceeding related to the Agreement must be brought in New York. (Doc. 26-1 § 13.11). The MPA also includes a mandatory arbitration clause. (*Id.*). But the parties do not address any of these provisions. So, for now, the Court applies Florida law. *See Int'l Ins. Co. v. Johns*, 874 F.2d 1447, 1458 (11th Cir. 1989) ("[B]ecause the parties failed to consider the choice of law in this diversity case, we must presume that the substantive law of the forum (Florida) controls.").

to a complaint in ruling on a motion to dismiss, and if the allegations of the complaint about a particular exhibit conflict with the contents of the exhibit itself, the exhibit controls." *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016). Although Plaintiff attached the MPA to the amended complaint (Doc. 26-1), it disputes whether it assented to the MPA's terms because some of the pages are blank and unsigned. (Docs. 26, 41). Given this factual dispute, the Court cannot consider the MPA. *See CGK LLC v. Pantropic Power, Inc.*, No. 20-CV-60730-WPD, 2020 WL 13356472, at *3 (S.D. Fla. June 29, 2020) (declining to consider contract on motion to dismiss that was missing a signature, was missing pages, and the plaintiff disputed that it signed); *List Indus., Inc. v. Wells Fargo Bank, N.A.*, No. 17-CV-61204, 2018 WL 4334876, at *2 (S.D. Fla. Sept. 11, 2018) (concluding the plaintiff's claim that the contract was unauthenticated and forged "raises factual issues that cannot be resolved at the motion to dismiss stage").

Turning now to the merits. First is Plaintiff's breach of contract claim against Chase (count II). Despite disputing the MPA's authenticity, Plaintiff alleges Chase breached the MPA.[5] But the contractual obligation Chase purportedly breached is unclear. Plaintiff simply asserts "to the extent the MPA constitutes an enforceable agreement between [Chase] and Plaintiff,

---

[5] Although this inconstancy is blatant, Federal Rule of Civil Procedure 8(d) permits alternative and inconsistent claims.

4

[Chase] breached its obligations thereunder" which "caused damages to Plaintiff." (Doc. 26 ¶¶ 30–31). This is insufficient. Although a plaintiff need not identify the precise contractual provision that has been breached, it "must allege enough factual material to identify an enforceable promise that the defendant's actions allegedly breached." *Caterpillar Fin. Servs. Corp. v. Venequip Mach. Sales Corp.*, 147 F.4th 1341, 1348 (11th Cir. 2025). Plaintiff provides nothing of the sort.

In its response, Plaintiff points to allegations throughout the amended complaint that purportedly support its claim. But none suggest a contractual promise. For instance, Plaintiff claims that its general allegations "allege breaches of Chase's obligation to implement safeguards against fraud and ensure reasonable and accurate resolution of chargeback disputes involving its customers." (Doc. 41 at 5). This is unconvincing. Plaintiff's general allegations pertaining to Chase assert that:

- Chase facilitated chargebacks despite knowing the chargebacks were untimely and implausible (Doc. 26 ¶ 11);
- the chargebacks' frequency and volume made it difficult for Plaintiff to respond (*id.* ¶ 12);
- Plaintiff timely provided Chase with adequate information to dispute the chargebacks' validity (*id.* ¶ 13); and
- Chase failed to properly review the untimely chargebacks despite Plaintiff's provided information (*id.* ¶ 14).

Although these allegations outline Chase's supposed wrongdoing, they do not impose an obligation assumed or promise made by Chase. And the MPA does

5

not appear to include the obligations Plaintiff identifies. *See Young v. Grand Canyon Univ., Inc.*, 57 F.4th 861, 871 (11th Cir. 2023) (dismissing breach of contract claim when the documents the plaintiff attached to the complaint did not actually contain the promises allegedly breached). Plaintiff also insists its citation to section 4.3 of the MPA supports its claim, but it references this section in a completely different claim—breach of the implied covenant of good faith and fair dealing. (Doc. 26 ¶ 36). So the Court dismisses count II without prejudice.

Turning next to breach of the implied covenant of good faith and fair dealing (count III). "Under Florida law, every contract contains an implied covenant of good faith and fair dealing, requiring that the parties follow standards of good faith and fair dealing designed to protect the parties' reasonable contractual expectations." *Centurion Air Cargo, Inc. v. United Parcel Serv. Co.*, 420 F.3d 1146, 1151 (11th Cir. 2005). Such a claim is not an independent cause of action, so it must be based on the performance of a specific contractual obligation. *Id.* The covenant "is not a limitless duty or obligation. It is an interpreting, gap-filling tool of contract law." *Accardi v. EMS Aviation, Inc.*, No. 2:10-CV-469-FTM-36-DNF, 2011 WL 13294635, at *2 (M.D. Fla. Nov. 16, 2011).

To support its implied covenant claim, Plaintiff points to section 4.3 of the MPA. This section provides, in pertinent part, that Plaintiff "shall have

6

full liability for all Chargebacks assessed to [Chase] in accordance with the applicable Card Network Rules; provided, however, that (i) in the event that any Chargeback is ultimately reversed in favor of [Plaintiff], [Chase] shall refund [Plaintiff] for the amount thereof." (Doc. 26 ¶ 36; Doc. 26-1 § 4.3). Based on this provision, Plaintiff alleges Chase breached the implied covenant by failing to properly advocate for and protect Plaintiff's interest in the chargeback; failing to adhere to and enforce applicable Card Network Rules in a prompt, consistent, and reasonable manner; and failing to monitor for and/or prevent chargeback abuse (as required by section 6.3 of the MPA). (Doc. 26 ¶¶ 37–38). This claim fails for several reasons.

Plaintiff tries to add duties to the MPA. To begin, nothing in section 4.3 can be construed as impliedly requiring Chase to advocate for Plaintiff's interests in the chargeback scheme. Quite the opposite. Section 4.3 explicitly places the risk of chargebacks on Plaintiff. To the extent Plaintiff alleges Chase failed to enforce applicable Card Network Rules in a prompt, consistent, and reasonable manner, again, the cited provision does not imply Chase was required to do so. Section 4.3 merely states that *Plaintiff* is responsible for all chargebacks "in accordance with the applicable Card Network Rules." (Doc. 26-1 § 4.3). What's more, Plaintiff does not allege or cite any applicable Card Network Rule that Chase failed to enforce. Finally, Plaintiff's contention that section 6.3 somehow requires Chase to monitor and/or prevent chargeback

7

abuse is far-fetched considering this section outlines when Chase can terminate the MPA. (Doc. 26-1 § 6.3). Because Plaintiff's attempt to rewrite the MPA is unavailing, the Court dismisses count III without prejudice.

Next up is Plaintiff's negligence claim (count V). To state a negligence claim under Florida law, a plaintiff must allege duty, breach of that duty, causation, and damages. *Bartsch v. Costello*, 170 So. 3d 83, 86 (Fla. Dist. Ct. App. 2015). Plaintiff alleges that Chase owed "a duty of care with respect to the handling and processing of credit card transactions and so-called 'chargeback' disputes." (Doc. 26 ¶ 52). Chase purportedly breached this duty by removing over $100,000 from Plaintiff's account based on Paver Sealer's untimely, barebone allegations; failing to review and process information that Plaintiff furnished opposing the chargeback scheme; failing to advocate for Plaintiff's interests; failing to adhere to its own chargeback policies and procedures; and applying its policies and procedures in an arbitrary and capricious manner. (*Id.* ¶¶ 54–56).

Chase argues the independent-tort doctrine bars the negligence claim. (Doc. 33 at 9–12). This doctrine precludes recovery for torts that are merely repackaged breach of contract claims. *See Pastor v. Bank of Am., N.A.*, 664 F. Supp. 3d 1365, 1367 (S.D. Fla. 2023). When the parties are in contractual privity, a plaintiff must allege conduct beyond that which purportedly breached the contract; the wrongful conduct must amount to an independent tort. *Id.* (citation omitted). Chase correctly observes that Plaintiff's negligence claim alleges the same conduct as its breach of contract claim. So, ordinarily, the negligence claim would be dismissed. But given Plaintiff disputes whether the parties are in contractual privity, its negligence claim is pled in the alternative and cannot be dismissed at this stage. In other words, if the MPA

is invalid, then the negligence claim is permissible. Until the MPA's validity is determined, the negligence claim survives.

Finally, the declaratory judgment claim (count I). Plaintiff seeks a declaratory judgment "as to whether the parties to this action reached a 'meeting of the minds' as to the terms of an enforceable agreement which governs the present controversy." (Doc. 26 ¶ 5). Stated differently, it asserts there is a dispute about whether the MPA governs this controversy. Chase argues this claim is duplicative of Plaintiff's breach of contract claim. The Court disagrees.

Plaintiff's alternative pleading renders the declaratory judgment claim viable. Some courts dismiss declaratory judgment claims that "functionally seek adjudication on the merits of [the] breach of contract claim." *Meir v. Westchester Surplus Ins. Co.*, No. 0:25-CV-60039, 2025 WL 1422712, at *3 (S.D. Fla. Mar. 11, 2025). That is not the case here. For the breach of contract claim, Plaintiff seeks damages for Chase's failure to comply with its obligations under the MPA (whatever those may be) pertaining to the chargebacks. But before getting there, the declaratory judgment claim seeks a determination of whether the MPA is a valid contract at all.[6] Given the claims are not the same, a declaratory judgment claim is appropriate here.

---

[6] To be fair, this determination is generally inherent in a breach of contract claim, which requires a plaintiff to prove the existence of a valid contract. *See TracFone Wireless, Inc. v.*

9

Accordingly, it is now

**ORDERED:**

1. Chase's Motion to Dismiss (Doc. 33) is **GRANTED in part and DENIED in part**.

2. Counts II and III are **DISMISSED without prejudice**. Counts I and V survive.

3. On or before **October 28, 2025**, Plaintiff may file a second amended complaint. **Failure to do so will cause the Court to dismiss this case without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida on October 14, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

---

*Anadisk LLC*, 685 F. Supp. 2d 1304, 1315 (S.D. Fla. 2010) (stating a breach of contract claim requires a party to show "the existence of a valid and enforceable contract"). But given Plaintiff's inconsistent pleading, resolving the preliminary question of the MPA's validity inherently resolves several claims. If the MPA is valid, then the independent-tort doctrine bars Plaintiff's negligence claim, and Chase can raise section 4.3 as a defense. If the MPA is invalid, Plaintiff's breach of contract claim is moot while the negligence claim survives.